# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br>6200 South Gilmore Road<br>Fairfield, OH 45014<br>   Plaintiff,<br><br>  v.<br><br>RAEL MAINTENANCE CORP.,<br>1750 Plaza Avenue<br>New Hyde Park, NY 11040<br>   Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, The Cincinnati Insurance Company, as subrogee of Vinay Santhanam and as subrogee of Divonne Holmes a Court, by way of Civil Action Complaint against Defendant, Rael Maintenance Corp., alleges as follows:

## THE PARTIES

1. Plaintiff, The Cincinnati Insurance Company ("Plaintiff"), as subrogee of Vinay Santhanam ("Santhanam") and as subrogee of Divonne Holmes a Court ("Holmes a Court"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 6200 South Gilmore Road, Fairfield, OH 45014.

2. Defendant, Rael Maintenance Corp. ("Defendant"), is corporation organized and existing under the laws of the State of New York with a principal place of business located at 1750 Plaza Avenue, New Hyde Park, NY 11040.

## JURISDICTION AND VENUE

3. Jurisdiction in this Honorable Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states

and the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions which gave rise to the Plaintiff's claims asserted herein occurred within the Southern District of New York.

5. At all times material hereto, Defendant regularly conducted business in and maintained substantial and continuous contacts within the Southern District of New York.

## BACKGROUND

6. At all times material hereto, Plaintiff's insured, Santhanam, was the owner and/or occupant of a condominium property unit located at 25 Park Row, Apartment #14A, New York, NY 10038 (the "Santhanam Unit").

7. At all times material hereto, Plaintiff's insured, Holmes a Court, was the owner and/or occupant of a condominium property unit located at 25 Park Row, Apartment #20B, New York, NY 10038 (the "Holmes a Court Unit").

8. At all times material hereto, Plaintiff was duly authorized to issue policies of insurance in the State of New York.

9. At all times material hereto, Plaintiff provided insurance coverage to its insured, Santhanam, for the Santhanam Unit and the contents therein pursuant to a policy of insurance (the "Santhanam Policy").

10. At all times material hereto, Plaintiff provided insurance coverage to its insured, Holmes a Court, for the Holmes a Court Unit and the contents therein pursuant to a policy of insurance (the "Holmes a Court Policy").

11. At all times material hereto, both the Santhanam Unit and the Holmes a Court Unit were located within the condominium building located at 25 Park Row, New York, NY 10038 (the "Building").

12. Prior to July 29, 2022, Defendant was retained, hired, and/or contracted to perform certain installation, inspection, maintenance, repair, and/or testing services (the "Services") in connection with a fire suppression system located within the Building (the "Fire Suppression System").

13. On or about July 29, 2022, Defendant undertook to perform the Services on the Fire Suppression System at the Building.

14. On or about July 29, 2022, a water loss incident occurred at the Building due to the negligence and/or other liability producing conduct of Defendant (the "Incident").

15. Specifically, the Incident was caused to occur because Defendant improperly, unreasonably, negligently, and/or carelessly inspected, maintained, operated, repaired, and/or tested the Fire Suppression System which in turn permitted voluminous amounts of water to discharge throughout the Building and to infiltrate into the Santhanam Unit and the Holmes a Court Unit.

16. As result of the Incident, Plaintiff's insured, Santhanam, sustained substantial damage to the Santhanam Unit and the contents therein.

17. As a result of the Incident, and pursuant to the Santhanam Policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its insured, Santhanam, in an amount in excess of $725,794.07.

18. By virtue of the payments made to, or on behalf of, its insured, Santhanam, and in accordance with the terms and conditions of the Santhanam Policy, Plaintiff is now legally,

equitably, and contractually subrogated to the rights of its insured, Santhanam, as against Defendant, to the extent of said payments.

19. As result of the Incident, Plaintiff's insured, Holmes a Court, sustained substantial damage to the Holmes a Court Unit and the contents therein.

20. As a result of the Incident, and pursuant to the Holmes a Court Policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its insured, Holmes a Court, in an amount in excess of $40,696.60.

21. By virtue of the payments made to, or on behalf of, its insured, Holmes a Court, and in accordance with the terms and conditions of the Holmes a Court Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its insured, Holmes a Court, as against Defendant, to the extent of said payments.

## **COUNT I – NEGLIGENCE**

22. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

23. Defendant owed a duty to exercise reasonable care in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

24. Defendant owed a duty to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

25. Defendant owed a duty to comply with all acceptable industry standards and codes in performing the Services so as to prevent and/or avoid reasonably foreseeable harm to others.

26. Defendant, through the acts and/or omissions of its agents, servants, workmen, contractors, and/or employees, breached its duties of care in an improper, unreasonable, negligent, and/or careless manner, both generally and specifically as follows by:

    a. Failing to exercise reasonable care in inspecting, maintaining, operating, repairing, and/or testing the Fire Suppression System at the Building;

    b. Failing to exercise reasonable care in performing the Services;

    c. Failing to perform the Services in a careful and workmanlike manner;

    d. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure the exercise of reasonable care in performing the Services;

    e. Failing to adequately instruct, train, monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees as to the proper ways to perform the Services;

    f. Failing to establish, provide, implement, and/or follow proper and adequate controls so as to ensure the proper performance of the Services;

    g. Failing to comply with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in performing the Services;

    h. Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all local, state, and federal laws, statutes, ordinances, rules, regulations, and/or codes in the performance of the Services;

    i. Failing to comply with all acceptable industry standards and codes in the performance of the Services;

j.	Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure compliance with all acceptable industry standards and codes in the performance of the Services;

k.	Failing to ensure that the Building and the Fire Suppression System was in a reasonably safe condition at all times;

l.	Failing to properly monitor, supervise, and/or oversee its agents, servants, workmen, contractors and/or employees to ensure that the Building and the Fire Suppression System was in a reasonably safe condition at all times;

m.	Failing to exercise reasonable care in retaining competent, qualified, and/or able agents, servants, workmen, contractors and/or employees to properly perform the Services;

n.	Failing to exercise reasonable care in investigating and/or assessing the competency, qualifications, level of expertise, and/or skills of its agents, servants, workmen, contractors and/or employees to properly perform the Services;

o.	Utilizing person(s) and/or entities to perform the Services when it knew or should have known that such person(s) and/or entities lacked the requisite, proper, and/or adequate competency, qualifications, level of expertise, and/or skills to properly perform said activities;

p.	Failing to perform the Services so as not to create a foreseeable risk of harm to others or property;

q.	Permitting a defective and dangerous condition to exist at the Building and the Fire Suppression System that created an unreasonable risk of harm to others or property, of which it knew, or in the exercise of reasonable care, should have known;

r. Failing to take necessary and reasonable precautions in order to safeguard others or property against the risk of harm from a water loss; and

s. Otherwise failing to exercise reasonable care, as disclosed during the discovery process.

27. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, the Incident occurred causing substantial damages to the Santhanam Unit and the contents therein.

28. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, Plaintiff's insured, Santhanam, sustained substantial losses.

29. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, and pursuant to the Santhanam Policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its insured, Santhanam, in an amount in excess of $725,794.07.

30. By virtue of the payments made to, or on behalf of, its insured, Santhanam, and in accordance with the terms and conditions of the Santhanam Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its insured, Santhanam, as against Defendant, to the extent of said payments.

31. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, the Incident occurred causing substantial damages to the Holmes a Court Unit and the contents therein.

32. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, Plaintiff's insured, Holmes a Court, sustained substantial losses.

33. As a direct, proximate, and foreseeable result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, and pursuant to the Holmes a Court Policy issued by Plaintiff, Plaintiff made payments to, or on behalf of, its insured, Holmes a Court, in an amount in excess of $40,696.60.

34. By virtue of the payments made to, or on behalf of, its insured, Holmes a Court, and in accordance with the terms and conditions of the Holmes a Court Policy, Plaintiff is now legally, equitably, and contractually subrogated to the rights of its insured, Holmes a Court, as against Defendant, to the extent of said payments.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant in an amount in excess of $766,490.67, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

## COUNT II – NUISANCE

35. Plaintiff hereby incorporates the previous paragraphs of this Complaint as if fully set forth herein at length.

36. As a direct and proximate result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, the Santhanam Unit sustained damages which unreasonably interfered with the use, benefit, and/or enjoyment of said unit.

37. As a direct and proximate result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, Plaintiff and Plaintiff's insured, Santhanam, sustained damages as aforesaid.

38. As a direct and proximate result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, the Holmes a Court Unit sustained damages which unreasonably interfered with the use, benefit, and/or enjoyment of said unit.

39. As a direct and proximate result of the improper, unreasonable, negligent, and/or careless conduct of Defendant as aforesaid, Plaintiff and Plaintiff's insured, Holmes a Court, sustained damages as aforesaid.

**WHEREFORE**, Plaintiff hereby demands judgment in its favor and against Defendant in an amount in excess of $766,490.67, together with pre-judgment interest, post-judgment interest, and such other relief as this Honorable Court finds proper and just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims.

Respectfully submitted,

Dated: May 29, 2023      **LAW OFFICES OF ROBERT A. STUTMAN, P.C.**

 /s/  George J. Matz
George J. Matz, Esquire
500 Office Center Drive, Suite 301
Fort Washington, PA 19034
T: (215) 283-1177
F: (215) 283-1188
matzg@stutmanlaw.com

*Attorneys for Plaintiff,*
*The Cincinnati Insurance Company*