

**gartner+bloom** *attorneys at law*
A Professional Corporation

New York • New Jersey • Florida • Massachusetts • Connecticut

**Christopher R. Hemway**

September 18, 2023

(212) 759-5800 x243
chemway@gartnerbloom.com
New York • New Jersey

<u>Via ECF</u>
Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: **Request for Pre-Motion Conference Pursuant to Individual Rule 1(A)**
    **Nationwide General Insurance Company v. Rael Maintenance Corp.**
    **Docket No.:  23-cv-4433**
    **The Cincinnati Insurance Company v. Rael Maintenance Corp.**
    **Docket No.:  23-cv-4462**
    **USAA Casualty Insurance Company v. Rael Maintenance Corp.**
    **Docket No.:  23-cv-5139**
    **U.S. Underwriters Insurance Company v. Rael Maintenance Corp.**
    **Docket No.:  23-cv-7649**

Dear Judge Woods:

  This office represents the Defendant in the above-referenced matters. Please allow this correspondence to serve as our request for a pre-motion conference in accordance with your Individual Rules, Rule 1(A). The purpose of the pre-motion conference is to obtain leave for Defendant to file motions to dismiss all actions pursuant to Rule 12(b)(1) on the basis of abstention; as well as, to set forth a briefing schedule if such leave is granted by Your Honor.

  The proposed motion to dismiss has merit. By way of background, these actions arise from a single water loss that occurred in July 2022 inside the 25 Park Row Condominium ("Condominium") located at 25 Park Row, New York, NY ("Building"). Defendant was hired by the Condominium to perform testing and maintenance of the fire suppression system. The building was a new construction. Defendant was hired after the building was fully constructed. Defendant did not design or install the fire suppression system, nor was it involved in any of the construction. On the date of loss, the Defendant properly conducted a test of the fire suppression system; however, Defendants were not aware, as they did not design or install, nor were they involved in any of the construction, that the fire suppression was improperly/negligently designed and/or install, nor were they aware that the building was not built in accordance with New York City Building Code.

  Defendant has received multiple claims arising from this water loss as over a dozen units were damaged, including the building itself. As of the date of this letter, there are currently four (4) additional actions arising from the same water loss that have been filed in the Supreme Court

gartner+bloom *attorneys at law*

of New York (Action 1: Yueru Yan, et al. v. Rael, et al. (Index #653323/2023); Action 2: State Farm v. Rael (Index #157415/2023); Action 3: Executive Risk Indemnity v. Rael (Index #158982/2023); and Action 4: Liberty Mutual v. Rael, et al. (Index #614812/2023)).

As a result of the concurrent litigation pending in both federal and state courts, Defendant hereby requests permission to move to dismiss the federal court actions based on abstention. Defendant's basis for seeking abstention is based on the factors laid out in the seminal Supreme Court case of Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The Court must undertake a two-step inquiry to determine whether to abstain from a case over it already has jurisdiction.

The first step is to determine whether the federal and state court cases are parallel or concurrent. First, the Court must determine if the state and federal proceedings are parallel. Suits are parallel when the parties are "substantially the same, litigating substantially the same issues in both actions." Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc., 466 F.3d 88, 94 (2d Cir. 2006). In other words, there must be a "substantial likelihood that the state court litigation will dispose of all of the claims presented in the federal case." Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, LLP, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005). The parties in the parallel proceedings need not be identical. Arkwright-Boston Mfrs. Mut. Ins. Co. v. New York, 762 F.2d 205 (2d Cir. 1985). New York Courts have held that subrogation actions are parallel to state court actions that have been commenced by subrogors. See Arkwright-Boston Mfrs. Mut. Ins. Co., *supra;* Telesco v. Telesco Fuel & Masons' Material Inc., 765 F.2d 365 (2d Cir. 1985); Allstate Ins. Co. v. Rego Park Holdings, 2010 U.S. Dist. LEXI 165068 (N.Y.E.D. 2010); Allstate Ins. Co. v. Choi, 2007 U.S. Dist. LEXIS 249 (E.D.N.Y. 2007); and Charter Oak Fire Ins. Co. v. Bokharian Jewish Cmty. Cntrs., Inc., 2002 U.S. Dist. LEXIS 623 (S.D.N.Y. 2002).

Assuming this Court decides the federal and state cases are parallel, the second step is to determine if abstention is warranted based on the six (6) factors laid out in the Colorado River case. The six factors are: 1) whether the controversy concerns a res over which one of the courts has already assumed jurisdiction; 2) whether the state or federal forum is more convenient for the parties; 3) whether staying or dismissing the action would avoid piecemeal litigation; 4) the order in which the two actions were filed and whether the proceedings have advanced further in one forum than the other; 5) whether state or federal law provide the rule of decision; and 6) whether state procedures are adequate to protect the plaintiff's federal rights. De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989). "These principles rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colo. River Water Conservation Dist., 424 U.S. at 817. Although no single factor is decisive, the Second Circuit has held that the danger of piecemeal litigation is of "paramount consideration." Arkwright-Boston Mfrs. Mut. Ins. Co., 762 F.2d at 211.

Arkwright-Boston Mfrs. Mut. Ins. Co., *supra* is instructive. In that case, plaintiffs brought a subrogation case against the City of New York and other defendants for losses sustained during a water main break. The City moved to dismiss on the basis of abstention because at the time the motion was filed, there were fifteen (15) actions pending in state court resulting from the same water loss. The District Court granted the City's motion for abstention and plaintiffs appealed. On appeal, the Second Circuit affirmed the District Court's decision. The Court held the "avoidance

gartner+bloom *attorneys at law*

of piecemeal litigation is best served by leaving these suits in the state court." Id. The Court reasoned:

> if the federal court refuses to abstain, it will force defendants to defend this complex litigation on two fronts. Further, inconsistent disposition of these claims between two concurrent forums would breed additional litigation on assertions of claim and issue preclusion. This could burden the parties for years to come. The existence of such concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same first [which would be] prejudicial, to say the least, to the possibility of reasoned decision making by either forum. As the suits all arise out of the single water main failure, they should be tried in one forum. Maintaining virtually identical suits in two forums under these circumstances would waste judicial resources and invite duplicative effort." Id.

Here, there are four federal court cases and four state court cases. There will be at least one more case brought in state court, which, pursuant to the contract, must be brought in state court. All eight (8) of the pending actions arise out of the same water loss. The concurrent federal and state cases will force Defendant to defend multiple actions arising from the same occurrence at different times, which could potentially lead to different outcomes. As the Second Circuit in Arkwright noted, requiring these virtually identical suits to proceed in different forums "would waste judicial resources and invite duplicative effort." Id. The federal cases are all based on common-law negligence, which state court is well equipped to handle. Both the federal and state cases are at the initial pleading stage and not a single piece of discovery has been exchanged in any of the cases. The federal court cases should be dismissed and refiled in state court so that all actions can be consolidated and be presided over by one judge. Defendant is also impleading ten (10) other entities who were involved in the design and installation of the fire suppression system and the design and construction of the Building in the state court actions[1].Defendant has sought the consent of the Plaintiffs to file a motion, pursuant to your Individual Rules, and Plaintiffs Nationwide, USAA and Cincinnati declined to consent. Plaintiff U.S. Underwriters has not responded.

Based on the foregoing, it is respectfully requested that this Honorable Court grant Defendant's request for a pre-motion conference to obtain leave for Defendant to file motions to dismiss all actions pursuant to Rule 12(b)(1) on the basis of abstention; as well as, to set forth a briefing schedule if such leave is granted by Your Honor.

Very truly yours,

GARTNER + BLOOM, P.C.

Christopher R. Hemway, Esq.

---

[1] The impleader in the federal court cases will destroy diversity, unless the Court exercises supplemental jurisdiction, which could potentially lead to additional motion practice by the impleaded parties, which would be avoided if all cases were in state court.

gartner+**bloom** *attorneys at law*

CC: Counsel of Record *Via* ECF