UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
THE CINCINNATI INSURANCE COMPANY,

                   *Plaintiff,*

           -against-

RAEL MAINTENANCE CORP,

                   *Defendant,*
---------------------------------------------------------X
RAEL MAINTENANCE CORP,

              *Third Party Plaintiff,*

           -against-

BOARD OF MANAGERS OF 25 PARK ROW
CONDOMINIUM, by its President LAURA ROG,
 PARK ROW 23 OWNERS
LLC, HALSTEAD MANAGEMENT
COMPANY, LLC, L+M DEVELOPMENT
PARTNERS LLC, L&M BUILDERS GROUP LLC,
BURO HAPPOLD CONSULTING ENGINEERS, P.C.,
BURO HAPPOLD, INC., COOKFOX
ARCHITECTS, D.P.C., WSP USA BUILDINGS
INC., WSP USA INC., URBAN ATELIER GROUP
LLC, CHATSWORTH BUILDERS, LLC,
RCI FIRE PROTECTION LLC, and PARKVIEW
PLUMBING & HEATING, INC.,

            *Third-Party Defendants.*
---------------------------------------------------------X

**THIRD-PARTY COMPLAINT**

Civil Action No. **1:23-cv-04462-GWH**

Defendant/Third-Party Plaintiff, Rael Maintenance Corp, by its attorneys, Gartner + Bloom, P.C., pursuant to Rule 14 of the Federal Rules of Civil Procedure, as and for a Third-Party Complaint against Board of Managers of 25 Park Row Condominium, by its President, Laura Rog, Park Row 23 Owners LLC, Halstead Management Company, LLC, L+M Development Partners LLC, Buro Happold Consulting Engineers, P.C., Buro Happold, Inc., WSP USA Buildings Inc.,

WSP USA Inc., Urban Atelier Group LLC, Chatsworth Builders, LLC, RCI Fire Protection LLC, and Parkview Plumbing & Heating, Inc., alleges upon information and belief the following:

## I.

## <u>THE PARTIES</u>

1.     At all times hereinafter mentioned Defendant/Third-Party Plaintiff, Rael Maintenance Corp. ("Rael" or "Defendant/Third-Party Plaintiff") is a domestic business corporation having a place of business located at 1750 Plaza Avenue, New Hyde Park, New York.

2.     Upon information and belief, Third-Party Defendant Board of Managers of 25 Park Row Condominium ("Board") is the Board of Managers for the Condominium located at 25 Park Row, New York, New York, with Laura Rog as its current President.

3.     Upon information and belief, Park Row 23 Owners LLC ("Owners") is a domestic limited liability company having a place of business located at 1865 Palmer Avenue, Second Floor, Larchmont, New York.

4.     Upon information and belief, Halstead Management Company, LLC ("Halstead") is a domestic limited liability company having a place of business located at 770 Lexington Avenue, 4th Floor, New York, New York.

5.     Upon information and belief, L+M Development Partners LLC ("L+M") is a foreign limited liability company having a place of business located at 1865 Palmer Avenue, Suite 203, Larchmont, New York.

6.     Upon information and belief, L&M Builders Group LLC ("Builders") is a foreign limited liability company having a place of business located at 1865 Palmer Avenue, Suite 203, Larchmont, New York.

7.      Upon information and belief, Buro Happold Consulting Engineers, P.C. ("Buro") is a domestic professional service corporation having a place of business located at 801 Second Avenue, 15th Floor, New York, New York.

8.      Upon information and belief, Buro Happold, Inc. ("Happold" collectively with Buro, "Buro Happold") is a domestic business corporation having a place of business located at 801 Second Avenue, 15th Floor, New York, New York.

9.      Upon information and belief, WSP USA Buildings Inc. ("USA Buildings") is a domestic business corporation having a place of business located at 28 Liberty Street, New York, New York.

10.     Upon information and belief, WSP USA Inc. ("USA" collectively with USA Buildings "WSP") is a domestic business corporation having a place of business located at 28 Liberty Street, New York, New York.

11.     Upon information and belief, Urban Atelier Group, L.L.C. ("Urban Atelier") is a foreign limited liability company having a place of business located at 85 Fifth Avenue, 12th Floor, New York, New York.

12.     Upon information and belief, Chatsworth Builders LLC ("Chatsworth") is a domestic limited liability company having a place of business located at 1865 Palmer Avenue, Suite 203, Larchmont, New York.

13.     Upon information and belief, RCI Fire Protection, LLC ("RCI") is a domestic limited liability company having a place of business located at 294 Garretson Avenue, Staten Island, New York.

14.     Upon information and belief, Parkview Plumbing & Heating, Inc. ("Parkview") is a domestic business corporation having a place of business located at 2210 Reeds Mill Lane, Bronx, New York.

## II.

## THE FACTS

15.     On or about May 29, 2023, Plaintiff, The Cincinnati Insurance Company ("Cincinnati"), as subrogee of Vinay Santhanam ("Santhanam") and as subrogee of Divonne Holmes a Court ("Holmes a Court" collectively "Plaintiff"), commenced a first-party action against Defendant/Third-Party Plaintiff through the filing of a Summons and Complaint ("the Complaint"). A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**.

16.     Without admitting the truth of the allegations, the Complaint alleges that Cincinnati's subgrogee Santhanam was the owner of Unit 14A of the building located at 25 Park Row, New York, New York ("Building").

17.     Without admitting the truth of the allegations, the Complaint alleges that Cincinnati's subrogree Holmes a Court was the owner of Unit 20B of the Building.

18.     Without admitting the truth of the allegations, the Complaint alleges that Cincinnati issued policies for their insureds units in the Building.

19.      Without admitting the truth of the allegations, the Complaint alleges Rael installed, maintained, operated and/or tested the fire suppression system located in the Building.

20.     Without admitting the truth of the allegations, the Complaint alleges that on July 29, 2022 Rael improperly maintained, operated and/or tested the fire suppression system located in the Building causing water damage to their insureds' units in the Building.

21.     Without admitting the truth of the allegations, the Complaint alleges Cincinnati paid its insureds and others on their behalf an amount in excess of Seven Hundred Sixty-Six Thousand Four Hundred Ninety Dollars and Sixty-Seven Cents ($766,490.67) for damages and losses.

22.     Defendant/Third-Party Plaintiff duly imposed an Answer with Affirmative Defenses on September 6, 2023. A copy of the Answer with Affirmative Defenses is annexed hereto as **Exhibit "B"**.

23.     Upon information and belief, at all relevant times, Board was the governing body for the condominium and was responsible for the maintenance, operation, and management of the Building.

24.     Upon information and belief, at all relevant times, Board, on behalf of the owners in the Building, owned, operated, maintained, controlled, repaired, and managed all or part of the Building including, but not limited to, the individual units, roofs, walls, ceilings, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, and fire suppression systems, in addition to all other common elements and limited common elements of the Building.

25.     Board was obligated to comply and ensure compliance with the Construction Codes pertaining to the ownership, maintenance, management, supervision, repair, control and operation of all or part of the Building.

26.     Upon information and belief, at all relevant times, Owner owned, operated, maintained, controlled, or managed all or part of the Building including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

27.     Owner was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

28.     Upon information and belief, at all relevant times, Halstead was hired to oversee the daily operations and maintenance of the Building.

29.     Upon information and belief, Halstead operated, maintained, controlled, repaired, or managed all or part of the Building including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

30.     Halstead was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control, repair, or operation of all or part of the Building.

31.     Upon information and belief, L+M, developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

32.     L+M controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

33.     L+M provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

34.     L+M developed, constructed, built, operated, maintained, and controlled all or part of the Building.

35.     L+M was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

36.     Upon information and belief, Builders developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

37.     Builders controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

38.     Builders provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

39.     Builders developed, constructed, built, operated, maintained, and controlled all or part of the Building.

40.     Builders was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

41.     Upon information and belief, Buro Happold developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

42.     Buro Happold controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

43.     Buro Happold provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

44.     Buro Happold developed, constructed, built, operated, maintained, and controlled all or part of the Building.

45.     Buro Happold was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

46.     Upon information and belief, Cookfox developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

47.     Cookfox controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

48.     Cookfox provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

49.     Cookfox developed, constructed, built, operated, maintained, and controlled all or part of the Building.

50.     Cookfox was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

51.     Upon information and belief, WSP developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

52.     WSP controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

53.     WSP provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

54.     WSP developed, constructed, built, operated, maintained, and controlled all or part of the Building.

55.     WSP was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

56.     Upon information and belief, Urban Atelier developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

57.     Urban Atelier controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

58.     Urban Atelier provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

59.     Urban Atelier developed, constructed, built, operated, maintained, and controlled all or part of the Building.

60.     Urban Atelier was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

61.     Upon information and belief, Chatsworth developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

62.     Chatsworth controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

63.     Chatsworth provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

64.     Chatsworth developed, constructed, built, operated, maintained, and controlled all or part of the Building.

65.     Chatsworth was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, control or operation of all or part of the Building.

66.     Upon information and belief, RCI developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the

individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

67. RCI controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

68. RCI provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

69. RCI developed, constructed, built, operated, maintained, and controlled all or part of the Building.

70. RCI was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, construction, design, control or operation of all or part of the Building.

71. Upon information and belief, Parkview developed, controlled, managed, supervised, executed, materialized, or effectuated the conceptualization, development, design, planning, fabrication, building or construction of all or part of the Building, including, but not limited to, the individual units, roofs, walls, ceiling, floors, wiring, duct work, drainage systems, plumbing systems, mechanical systems, or fire suppression systems.

72. Parkview controlled the conceptualization, planning, execution and materialization, of the design, construction, building or development of the Building.

73. Parkview provided all necessary labor and materials for the development, design, planning, fabrication, building or construction of all or part of the Building.

74. Parkview developed, constructed, built, operated, maintained, and controlled all or part of the Building.

75.     Parkview was obligated to comply, ensure compliance, with the Construction Codes pertaining to the ownership, maintenance, management, supervision, construction, design, control or operation of all or part of the Building.

## III.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST BOARD
### (Contribution)

76.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "75" of this Third-Party Complaint as if fully set forth at length herein.

77.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Board.

78.     That by reason of the foregoing, Board will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, for and in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST BOARD
### (Common Law Indemnification)

79. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "78" of this Third-Party Complaint as if fully set forth at length herein.

80. That at all times relevant to the within action, Board owned, operated, constructed, repaired, maintained, controlled, or managed all or part of the Building.

81. That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the carelessness, recklessness, negligence or acts and/or omissions and breach of duty of Board and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damaged thereby and will be entitled to common law indemnification from Board for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST OWNER
### (Contribution)

82. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "81" of this Third-Party Complaint as if fully set forth at length herein.

83. While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Owner.

84. That by reason of the foregoing, Owner will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in

this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST OWNER
### (Common Law Indemnification)

85.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "84" of this Third-Party Complaint as if fully set forth at length herein.

86.     That at all times relevant to the within action, Owner owned, operated, maintained, controlled, or managed all or part of the Building.

87.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Owner and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Owner for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST HALSTEAD
### (Contribution)

88.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "87" of this Third-Party Complaint as if fully set forth at length herein.

89.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations

and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Halstead.

90.     That by reason of the foregoing, Halstead will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST HALSTEAD
### (Common Law Indemnification)

91.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "90" of this Third-Party Complaint as if fully set forth at length herein.

92.     That at all times relevant to the within action, Halstead owned, operated, maintained, controlled, or managed all or part of the Building.

93.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Halstead and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Halstead for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST L+M
### (Contribution)

94.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "93" of this Third-Party Complaint as if fully set forth at length herein.

95.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of L+M.

96.     That by reason of the foregoing, L+M will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST L+M
### (Common Law Indemnification)

97.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "96" of this Third-Party Complaint as if fully set forth at length herein.

98.     That at all times relevant to the within action, L+M owned, operated, maintained, controlled, or managed all or part of the Building.

99.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of L+M and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law

indemnification from L+M for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST BUILDERS
### (Contribution)

100.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "99" of this Third-Party Complaint as if fully set forth at length herein.

101.    While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Builders.

102.    That by reason of the foregoing, Builders will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST BUILDERS
### (Common Law Indemnification)

103.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "102" of this Third-Party Complaint as if fully set forth at length herein.

104.    That at all times relevant to the within action, Builders owned, operated, maintained, controlled, or managed all or part of the Building.

105. That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Builders and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Builders for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST BURO HAPPOLD
### (Contribution)

106. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "105" of this Third-Party Complaint as if fully set forth at length herein.

107. While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Buro Happold.

108. That by reason of the foregoing, Buro Happold will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST BURO HAPPOLD
### (Common Law Indemnification)

109.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "108" of this Third-Party Complaint as if fully set forth at length herein.

110.     That at all times relevant to the within action, Buro Happold developed, constructed, built, operated, maintained, and controlled all or part of the Building.

111.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Buro Happold and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Buro Happold for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST COOKFOX
### (Contribution)

112.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "111" of this Third-Party Complaint as if fully set forth at length herein.

113.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Cookfox.

114.     That by reason of the foregoing, Cookfox will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in

this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST COOKFOX
### (Common Law Indemnification)

115.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "114" of this Third-Party Complaint as if fully set forth at length herein.

116.    That at all times relevant to the within action, Cookfox developed, constructed, built, operated, maintained, and controlled all or part of the Building.

117.    That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Cookfox and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Cookfox for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST WSP
### (Contribution)

118.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "117" of this Third-Party Complaint as if fully set forth at length herein.

119.    While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations

and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of WSP.

120.     That by reason of the foregoing, WSP will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST WSP
### (Common Law Indemnification)

121.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "120" of this Third-Party Complaint as if fully set forth at length herein.

122.     That at all times relevant to the within action, WSP developed, constructed, built, operated, maintained, and controlled all or part of the Building.

123.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of WSP and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from WSP for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION AGAINST URBAN ATELIER
### (Contribution)

124.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "123" of this Third-Party Complaint as if fully set forth at length herein.

125.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Urban Atelier.

126.     That by reason of the foregoing, Urban Atelier will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION AGAINST URBAN ATELIER
### (Common Law Indemnification)

127.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "126" of this Third-Party Complaint as if fully set forth at length herein.

128.     That at all times relevant to the within action, Urban Atelier developed, constructed, built, operated, maintained, and controlled all or part of the Building.

129.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Urban Atelier and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law

indemnification from Urban Atelier for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST CHATSWORTH
### (Contribution)

130. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "129" of this Third-Party Complaint as if fully set forth at length herein.

131. While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Chatsworth.

132. That by reason of the foregoing, Chatsworth will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION AGAINST CHATSWORTH
### (Common Law Indemnification)

133. Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "132" of this Third-Party Complaint as if fully set forth at length herein.

134. That at all times relevant to the within action, Chatsworth developed, constructed, built, operated, maintained, and controlled all or part of the Building.

135.    That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Chatsworth and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Chatsworth for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION AGAINST RCI
### (Contribution)

136.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "135" of this Third-Party Complaint as if fully set forth at length herein.

137.    While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of RCI.

138.    That by reason of the foregoing, RCI will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION AGAINST RCI
### (Common Law Indemnification)

139.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "138" of this Third-Party Complaint as if fully set forth at length herein.

140.     That at all times relevant to the within action, RCI developed, constructed, built, operated, maintained, and controlled all or part of the Building.

141.     That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of RCI and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from RCI for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION AGAINST PARKVIEW
### (Contribution)

142.     Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "141" of this Third-Party Complaint as if fully set forth at length herein.

143.     While Defendant/Third-Party Plaintiff has denied any liability to the Plaintiff herein, if Defendant/Third-Party Plaintiff is found liable for damages arising out of the allegations and/or claims in the Complaint, such damages were caused entirely or in part through the culpable conduct of Parkview.

144.     That by reason of the foregoing, Parkview will be liable to Defendant/Third-Party Plaintiff in the event judgment is recovered by Plaintiff against Defendant/Third-Party Plaintiff in

this action, in the amount of the judgment or in an amount equal to the excess over and above Defendant/Third-Party Plaintiff's equitable share of such judgment in this action.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION AGAINST PARKVIEW
### (Common Law Indemnification)

145.    Defendant/Third-Party Plaintiff repeats, reiterates and re-alleges each of the allegations in Paragraphs "1" through "144" of this Third-Party Complaint as if fully set forth at length herein.

146.    That at all times relevant to the within action, Parkview developed, constructed, built, operated, maintained, and controlled all or part of the Building.

147.    That if Plaintiff sustained damages in the manner and at the time and placed alleged in the Complaint, then such damages were caused or contributed to, in whole or in part, by the careless, recklessness, negligence or acts and/or omissions and breach of duty of Parkview and that should any judgment and/or verdict be rendered against Defendant/Third-Party Plaintiff, then Defendant/Third-Party Plaintiff will be damages thereby and will be entitled to common law indemnification from Parkview for all or part of any such verdict and/or judgment in accordance with their respective degrees of fault.

WHEREFORE, Defendant/Third-Party Plaintiff Rael Maintenance Corp requests a judgment on the claims in the Third-Party Complaint over and against Third-Party Defendants Board of Managers of 25 Park Row Condominium, by Laura Rog, its President, Park Row 23 Owners LLC, Halstead Management Company, LLC, L+M Development Partners LLC, L&M Builders Group LLC, Buro Happold Consulting Engineers, P.C., Buro Happold Inc., WSP USA Buildings Inc., WSP USA Inc., Urban Atelier Group LLC, Chatsworth Builders, LLC, RCI Fire Protection, LLC, and Parkview Plumbing & Heating, Inc. in the amount and to the extent of any

judgment recovered by the Plaintiff, and such other and further relief as the Court deems just and

proper.

Dated: New York, New York
      October 27, 2023

                                       GARTNER + BLOOM, P.C.

                                       _____
                                       Christopher R. Hemway, Esq.
                                       *Attorneys for Defendant/Third-Party*
                                       *Plaintiff*
                                       *Rael Maintenance Corp.*
                                       801 Second Avenue, 11th Floor
                                       New York, New York

TO:    Board of Managers of 25 Park Row Condominium
        25 Park Row
        New York, New York 10038

        Halstead Management Company, LLC
        770 Lexington Avenue, 4th Floor
        New York, New York 10065

        L+M Development Partners LLC
        1865 Palmer Avenue, Suite 203
        Larchmont, New York 10538

        L&M Builders Group LLC
        1865 Palmer Avenue, Suite 203
        Larchmont, New York 10538

        Buro Happold Consulting Engineers, P.C.
        801 Second Avenue, 15th Floor
        New York, New York 10017

        Buro Happold, Inc.
        801 Second Avenue, 15th Floor
        New York, New York 10017

        WSP USA Buildings Inc.
        28 Liberty Street
        New York, New York 10005

        WSP USA Inc.

28 Liberty Street
New York, New York 10005

Urban Atelier Group, L.L.C.
85 Fifth Avenue, 12th Floor
New York, New York 10003

Chatsworth Builders, LLC
1865 Palmer Avenue, Suite 203
Larchmont, New York 10538

RCI Fire Protection LLC
294 Garretson Avenue
Staten Island, New York 10305

Parkview Plumbing & Heating, Inc.
2210 Reeds Mill Lane
Bronx, New York 10475